**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Newport News Division

**DELOIS HARRIS,**

       **Plaintiff,**

v.                                                                                          Civil Action No. 4:07cv18

**UNITED STATES OF AMERICA,**

       **Defendant.**

## ORDER AND OPINION

This matter comes before the court on the defendant's motion for summary judgment. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendant's motion for summary judgment.

I. Factual Background

This case is the product of a slip-and-fall accident that the plaintiff, Delois Harris, experienced while grocery shopping at the commissary located on the premises of Langley Air Force Base in Hampton, Virginia. On November 16, 2004, the plaintiff went to the Langley commissary to purchase several items. After selecting the items for purchase, the plaintiff steered her shopping cart toward the checkout line in order to pay for her purchases. As she approached register 17, she noticed a number of grapes on the floor leading up to the register. Her shopping cart then began to slip on some of the grapes on the floor, and she noticed that the grapes on the floor were "everywhere that they shouldn't have been." Deposition of the Plaintiff, Exhibit 1 to Defendant's Motion for Summary Judgment, at 21. Out of concern for her

...
...

own safety and the safety of others, the plaintiff used her foot to push some of the grapes out of the main traffic area.

After the plaintiff paid for her purchases, she pushed her cart through the checkout stand at register 17, and went to look for an employee of the commissary with whom she had some business. She failed to locate the employee, and pushed her cart back in the direction of register 17. As she walked back, she did not see any grapes on the floor because she was not looking for them. However, when she reached the vicinity of register 17, she slipped and fell on her right knee. After falling, she saw a few red grapes that had been crushed by her shoe. Some bystanders assisted the plaintiff to her feet and she filled out an accident form at the commissary's customer service desk. She then walked out of the commissary and returned home. The next day, she visited a doctor, who examined and took x-rays of her knee, diagnosing her with a bruise.

II. Procedural History

On March 2, 2007, the plaintiff filed a complaint in this court against the defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671. The plaintiff alleges that the defendant, by its agency the United States Air Force, was negligent in failing to maintain its premises at the Langley commissary in a reasonably safe condition for invitees, and that as a result, the plaintiff suffered personal injury. The parties proceeded to engage in discovery, and on November 28, 2007, the defendant filed the instant motion for summary judgment, arguing that it could not be negligent because the commissary employees did not have notice of the hazardous condition, and that, even if it was negligent, the plaintiff's contributory negligence bars any recovery. The plaintiff filed a response brief on December 10,

2007, and the defendant filed a reply brief on December 12. Accordingly, the defendant's motion for summary judgment is ripe for consideration.

III. Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exist no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex Corp., 477 U.S. at 322-24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure by the plaintiff to rebut defendant's motion with such evidence will result in summary judgment. "[T]he plain language of Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Although the moving party bears the initial burden of stating the basis for its motion, that burden can be discharged if the moving party can show "an absence of evidence to support the non-moving party's case." Id. at 323, 325. After the moving party has discharged the burden, the non-moving party must then designate specific facts showing that there is a genuine issue of material fact. Id. at 324.

To enter summary judgment, a court does not need to determine that there are no factual

issues in dispute. To find against the moving party, however, the court must find both that the facts in dispute are material and that the disputed issues are genuine. A factual dispute is deemed to be material if it is dispositive of the claim. See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). Similarly, a factual dispute is considered genuine if it is based on more than speculation or inference. Celotex Corp., 477 U.S. at 327; Runnebaum v. NationsBank of Md., N.A., 123 F.3d 156, 164 (4th Cir. 1997) (en banc), overruled on other grounds by Bragdon v. Abbott, 524 U.S. 624 (1998).

While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the non-movant's burden to establish the existence of such an issue. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. To survive summary judgment, the non-moving party must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327.

IV. Analysis

This case is brought pursuant to the Federal Tort Claims Act, by which the sovereign immunity of the defendant is waived with regard to

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Accordingly, the law of Virginia governs the liability of the defendant in

this matter.

In Virginia, the proprietor of a business owes its customers, as invitees, a duty to exercise ordinary care to ensure that the premises are safe. See, e.g., Colonial Stores, Inc. v. Pulley, 203 Va. 535, 537 (1962). The Virginia Supreme Court summed up the extent of this duty, noting that a proprietor is required "to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there [and] to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or should have been, known to the defendant." Id. In order to maintain the instant case for negligence, the plaintiff must show that the defendant knew or should have known of the presence of the grapes on the floor of the Langley commissary, and that the defendant failed to either remove them in a timely fashion or warn the plaintiff of their presence should she be unaware of it. Arthur v. Crown Central Petroleum Corp., 866 F.Supp. 951, 953 (E.D. Va. 1994).

Virginia law requires that, to establish a prima facie case of negligence, the plaintiff show when the alleged dangerous condition was created. Hodge v. Walmart Stores, Inc., 360 F.3d 446, 454 (4th Cir. 2004). Further, the plaintiff must show that the defendant was negligent–negligence on the part of the defendant will not be presumed simply because an accident occurred. Murphy v. J.L. Saunders, Inc., 202 Va. 913, 917 (1961). In moving for summary judgment, the defendant argues that the plaintiff cannot present evidence that it had knowledge–actual or constructive–of the grapes on the floor near register 17. The plaintiff admitted that she had no knowledge of how the grapes came to be on the floor or how long they were there. Further, the plaintiff acknowledged during her deposition that she couldn't say whether the employee who was working at register 17 had seen the grapes on the floor. Rather,

the plaintiff corrected defense counsel after his question assumed that the plaintiff had indicated that the employee had seen the grapes, and stated "I didn't say she seen [sic] the grapes. . . . I said she seen [sic] me, seen [sic] what was going on." Deposition of the Plaintiff, Exhibit 1 to Defendant's Motion for Summary Judgment, at 27.  Further, the plaintiff indicated of the commissary employee that, "[w]hether she knew what was going on, I don't know." Id. at 28.

In response to the motion for summary judgment, the plaintiff has now submitted an affidavit in which she claims that the grapes "were in the direct line of sight of the cashier, and there was nothing between her and the grapes which would have obstructed her vision of them." Affidavit of the Plaintiff in Opposition to Summary Judgment, ¶ 4.  To the extent that the plaintiff's affidavit contradicts her deposition testimony, the plaintiff cannot use this to defeat summary judgment.  "[A] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) (citing Radobenko v. Automated Equip. Co., 520 F.2d 540, 544 (9th Cir. 1975)).  Further, notwithstanding her speculation as to what the employee probably saw, the plaintiff has failed to advance a specific evidentiary fact as to what the employee actually did see.  Accordingly, she cannot avoid summary judgment by claiming that the defendant had constructive notice of the presence of the grapes. Great Atlantic & Pacific Tea Co. v. Berry, 203 Va. 913, 916-17 (1962) (rejecting the contention that a jury question arises based on speculation as to how long a foreign substance has been on the floor). Because the plaintiff can point to no concrete facts that would establish that the commissary employees knew or should have known of the presence of the grapes on the floor, she is not entitled to recover on the theory of negligence.

Even assuming, arguendo, that the plaintiff could establish that the defendant had notice–actual or constructive–of the foreign objects on the floor of the commissary, her claim would be precluded by her own contributory negligence. Virginia law is clear that the contributory negligence of a tort plaintiff bars her recovery. See, e.g., Smith v. Virginia Elec. & Power Co., 204 Va. 128, 133 (1963). Contributory negligence arises when the plaintiff fails to act as a reasonable person would when confronted with the negligence of the defendant. Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 358 (1990). In this case, it is undisputed that the plaintiff saw grapes on the floor before she ever stepped on any of them, and before she slipped and fell. The plaintiff testified at her deposition that, as she approached register 17, she saw a number of grapes on the floor leading up to the register. Deposition of the Plaintiff, Exhibit 1 to Defendant's Motion for Summary Judgment, at 17-18. As she got closer to the register, her cart began to slip and slide, and she looked and saw grapes on the floor, "everywhere that they shouldn't have been." Id. at 21. Out of concern that she or someone else might fall, the plaintiff pushed some of the grapes to the side with her foot. Id. at 22; 26. After paying for her purchases, she went to a different part of the commissary in search of an employee with whom she had some business. After failing to locate the employee, the plaintiff pushed her cart back past register 17 on her way out of the store. She did not see any grapes on the floor because, as she admitted at her deposition, she "wasn't looking for them."[1] Id. at 29. Nonetheless, she

---

[1]The plaintiff's affidavit submitted in opposition to summary judgment indicates that, as she was leaving the commissary, she "did not see the red grapes in front of register 17 prior to stepping on them, as [her] car blocked [her] view of the floor immediately in front of [her]." Affidavit of the Plaintiff in Opposition to Summary Judgment, ¶ 6. Again, to the extent that this claim contradicts her sworn deposition testimony, such dispute is insufficient to create a genuine issue of material fact such that summary judgment would be inappropriate. Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) (citing Radobenko v. Automated Equip. Co., 520 F.2d

7

slipped on grapes and fell, injuring her knee. Id. The plaintiff further indicated that after she fell, she saw "plenty of [grapes]" around her. Id. Such an admission further indicates that the plaintiff was contributorily negligent in failing to avoid an open and obvious hazard.

As the defendant properly notes, a plaintiff who is injured as a result of an open or obvious condition is barred as a matter of law from recovery by the doctrine of contributory negligence. Scott v. City of Lynchburg, 241 Va. 64, 66 (1991). Here, the plaintiff clearly knew that there were grapes on the floor near register 17. Whether she forgot about them is not a defense to the operation of the contributory negligence rule to bar her claim. "When a person with knowledge of a dangerous condition is injured by that condition, even if the individual forgets the condition exists, then the conduct is contributorily negligent per se and bars recovery." Arthur v. Crown Central Petroleum Corp., 866 F.Supp. 951, 954 (E.D. Va. 1994). Accordingly the plaintiff's knowledge of the presence of the grapes in the vicinity of register 17 makes clear that her disregard for the grapes, even if the result of forgetfulness, must bar recovery.

The plaintiff has suggested, in opposing summary judgment, that it was not unreasonable for her to not expect to see grapes when she slipped because the grapes she had seen before were on the other side of register 17. To the extent that the plaintiff claims that the grapes she slipped on are unrelated to the original quantity of grapes that she saw on the floor, she does not and cannot indicate how or when the second quantity of grapes came to be on the floor. Thus, her claim for negligence must fail because she cannot demonstrate that the commissary employees

---

540, 544 (9th Cir. 1975)). Yet even if her view was blocked by her shopping cart, such a fact would not relieve the plaintiff of the duty to exercise reasonable care for her own safety. Gall v. Great Atlantic & Pacific Tea Co., 202 Va. 835, 837 (1961).

had any knowledge of the presence of these grapes on the floor. If, however, the plaintiff is merely claiming that the grapes are all part of the same quantity, then her claim must fail because she was contributorily negligent, as she had full knowledge that grapes were on the floor in the vicinity of register 17, yet failed to act as a reasonable person would have to avoid the peril. Accordingly, summary judgment in favor of the defendant is appropriate, as under any set of facts consistent with the complaint, the plaintiff cannot demonstrate the defendant's negligence and cannot overcome the impact of her own contributory negligence.

V. Conclusion

Because the plaintiff cannot demonstrate that the defendant knew of the existence of a foreign object on the floor of the Langley commissary, she cannot state a claim for negligence on the basis of failure to make the premises safe for invitees. Even if she could make out such a claim, she would be barred from any recovery by her own contributory negligence in failing to act as a reasonable person would act when confronted with the open and obvious hazard of foreign objects on the floor. Accordingly, the defendant's motion for summary judgment is **GRANTED** and the plaintiff's case is **DISMISSED**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

December 20, 2007
Norfolk, Virginia